FILED
APR 01 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 192 |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, Section 1832(a)(3) |
| HANJUAN JIN | ) | |

JUDGE CASTILLO

MAGISTRATE JUDGE GERALDINE SOAT BROWN

## COUNT ONE

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At times material to this indictment:

    a. Company A was a company based in the Chicago suburbs that sold telecommunications products and services in the United States and internationally.

    b. Company B was a company based in China and engaged in the telecommunications business.

    c. Defendant HANJUAN JIN ("JIN") worked for Company A as a software engineer beginning in or about 1998. In connection with her employment with Company A, JIN received regular training regarding the protection of proprietary information belonging to Company A.

    d. In or about February 2006, defendant JIN took a medical leave of absence from Company A, during which time she received no work assignments from Company A.

e. From in or about June 2006 until in or about November 2006, defendant JIN discussed, negotiated and ultimately accepted employment in China with Company B, where she was to work on developing telecommunications software.

f. On or about February 23, 2007, after accepting employment in China with Company B, defendant JIN advised Company A that she was ready to end her medical leave and return to full-time work with Company A. Defendant JIN did not advise Company A that she had accepted employment with Company B.

g. On or about February 24, 2007, defendant JIN purchased a one-way ticket to China for a flight scheduled to leave on February 28, 2007.

h. On or about the morning of February 26, 2007, defendant JIN returned to Company A, purportedly to resume full-time work. JIN was given no assignments on that day. Between approximately 9:00 a.m. and 2:00 p.m. on February 26, 2007, defendant JIN downloaded over 200 technical documents belonging to Company A on Company A's secure internal computer network.

i. At approximately 9:00 p.m. on February 26, 2007, defendant JIN returned to her Company A office building and downloaded technical documents belonging to Company A on Company A's secure internal computer network, and removed numerous documents and other materials from the offices of Company A.

j. On or about February 27, 2007, at approximately 12:15 p.m., defendant JIN emailed her manager at Company A informing him that she was resigning from Company A.

k. On or about February 27, 2007, at approximately 10:00 p.m., defendant JIN returned to her Company A office building and downloaded numerous technical documents belonging to Company A on Company A's secure internal computer network.

l. On or about February 28, 2007, at approximately 12:00 p.m., defendant JIN traveled to O'Hare International Airport in Chicago, Illinois, for the purpose of departing to China. At the time she attempted to travel to China, JIN had in her possession over 1,000 electronic and paper documents belonging to Company A containing technical information, certain of which were marked as containing confidential and proprietary information belonging to Company A.

2. On or about February 28, 2007, at O'Hare International Airport, in the Northern District of Illinois, and elsewhere,

HANJUAN JIN,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Company A, specifically a proprietary document containing proprietary engineering information entitled, in part, "Support for Horizontal Dispatch Networking SAD-172," such trade secrets being related to or included in products produced for and placed in interstate and foreign commerce, intending and knowing that the offense would injure Company A, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

3

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The Grand Jury realleges paragraph 1 of Count One as though fully set forth herein.

2. On or about February 28, 2007, at O'Hare International Airport, in the Northern District of Illinois, and elsewhere,

HANJUAN JIN,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Company A, specifically a proprietary document containing proprietary engineering information entitled, in part, "EOTD-based E911 Location without HAMR," such trade secrets being related to or included in products produced for and placed in interstate or foreign commerce, intending and knowing that the offense would injure Company A, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The Grand Jury realleges paragraph 1 of Count One as though fully set forth herein.

2. On or about February 28, 2007, at O'Hare International Airport, in the Northern District of Illinois, and elsewhere,

### HANJUAN JIN,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Company A, specifically a proprietary document containing proprietary engineering information entitled "Base Station System MOBIS Call Processing Interface Specification," such trade secrets being related to or included in products produced for and place in interstate or foreign commerce, intending and knowing that the offense would injure Company A, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

## FORFEITURE ALLEGATIONS

The SPECIAL FEBRUARY 2008-1 GRAND JURY further alleges:

1. As a result of the violation of Title 18, United States Code, Sections 1832(a)(3), as alleged in the foregoing Indictment,

HANJUAN JIN,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1834, any and all property constituting, and derived from, any proceeds the defendants obtained, directly and indirectly, as a result of the violations; and (2) any and all of property used, and intended to be used, in any manner or part, to commit and facilitate the commission of the violations, including the following:

    a. IBM Thinkpad, Computer Laptop, Model: 2686 1P41V9706, Serial Number: 1S2686M5UL3AA2YT;

    b. IOGEAR Ion Drive, External Data Storage Device (RAID/etc), USB Hard drive enclosure, Serial Number OU-69USE102014, Model Number GHD225U80;

    c. Western Digital, Hard Drive: 2.5" HD, Model Number WD800UE-00HCT0, Serial Number WXE406692615;

    d. IBM, Hard Drive 2.5" HD, Model Travelstar 07N4055F419400P9B, Serial Number: RRRJ6840;

    e. Hitachi, Hard Drive 2.5" HD, Model: HTTS541060G9AT00, Serial Number: 11S39T2514Z1ZAVH00RPNE;

    f. Memorex, TravelDrive, Flash Memory (SD/Compact Flash/etc.), Thumb Drive;

    g. 1 K Hypermedia, CD-Recordable, CD-R Multi-Speed, 80min/700MB;

    h. 1 Imation, CD-R, 700MB, 80 min, marked "BK#1"; and

      i.      1 Imation, CD-R, 700MB, 80 min, marked "BK#2."

2. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1834, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value;

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to the defendants under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1834(b).

All pursuant to Title 18, United States Code, Section 1834.

                                A TRUE BILL:

                                FOREPERSON

UNITED STATES ATTORNEY