UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.    08 CR 192 |
| | ) | |
| v. | ) | Hon. Ruben Castillo |
| | ) | United States District Court Judge |
| HANJUAN JIN | ) | |

## PROTECTIVE ORDER

WHEREAS the defendant has rights under the United States Constitution, federal statutes and the Federal Rules of Criminal Procedure to pre-trial discovery;

WHEREAS defendant's preparation of her defense will be facilitated by the most expeditious production of discovery materials;

WHEREAS the Government recognizes its obligation to provide such discovery materials to defendants in the most expeditious manner possible, consistent with the confidentiality interests of Company A, the victim company, and other entities in their trade secret and other sensitive information;

WHEREAS production of discovery materials, which in this case involves, among other items, paper, electronic, and graphic materials of a sensitive nature, would be substantially delayed if the Government were compelled to seek a protective order modifying, withholding or delaying production of each particular item of discovery material, as the Government would be required to do absent a generally applicable protective order restricting further dissemination of discovery materials by the defense;

IT IS HEREBY ORDERED that discovery materials may not be disseminated to any individuals, organizations or other entities, other than: (i) named members of the defense team (co-

counsel, paralegal, and secretarial staff), with such named members being identified to the government prior to their review of the materials; and (ii) translators and experts retained to assist in the preparation of the defense, who have been approved by a member of the Government, which approval shall not unreasonably be withheld. Any copies and reproductions of discovery material shall be treated in the same manner as the original matter. Defendant Hanjuan Jin is also permitted to review the discovery materials, but only in her defense counsel's offices. Defendant Hanjuan Jin is not permitted at any time to take or possess discovery material or copies of discovery material outside her attorney's offices. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record.

If defense counsel wishes to show any document provided during discovery to a witness or potential witnesses, they shall first ask the Government to agree to permit the distribution of the document to the witness or potential witness as an exception to this protective order. In the event that the Government declines to agree to the distribution of a document to a witness or potential witness, the defendants may seek relief from these provisions as to a particular item of discovery by making a motion for such relief to the Court upon notice to the Government, which notice shall identify the particular person(s) and item(s) at issue. The motion shall be made under seal. For good cause shown, such part of the application that identifies the person(s) to whom the materials are intended to be disseminated (and the reason) may be filed with the Court ex parte and under seal;

IT IS FURTHER ORDERED that all discovery materials are to be provided to the defense and used by the defense solely for the purpose of allowing the defendants to prepare their defenses and that none of the discovery materials produced by the Government to the defense shall be

disseminated to, or discussed with, the media;

IT IS FURTHER ORDERED that nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which either: (i) include copies of discovery materials, or (ii) refer to the contents of discovery materials shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall either: (i) file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. That party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court, or (ii) await two full business days from hand service upon the Court's Chambers and the other parties (or five full business days following service by mail) before publicly filing (or otherwise disseminating) the papers, in order to allow the other parties the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall either (i) be filed under seal with an application indicating which portion the submitting party believes ought to be filed under seal and

which portions ought to be made public and shall indicate an intention to file a set of papers so

redacted five business days afer service of the unredacted papers upon the Court and counsel and that

party shall not file the redacted set of papers if such party receives an application in opposition from

one of the parties within those five business days and shall instead await a ruling of the Court, or (ii)

shall not be publicly filed (or otherwise disseminated) until two business days have elapsed from

hand service upon the Court's Chambers and the other parties (or five full business days following

service by mail), in order to allow the other parties the opportunity to apply for a protective order (or

to apply for the sealing fo such papers in whole or in part) if deemed necessary. In either event, if

the party submitting the papers wishes to file the papers publicly after waiting the appropriate

number of business days, that party shall speak to the opposing parties prior to filing the papers

publicly to make certain that the absence of objection has not resulted from the unavailability of

counsel or other law office failure;

IT IS FURTHER ORDERED that to the extent the government provides the defense with

draft transcripts of translated electronic and paper materials, such draft transcripts shall not be used

in any proceeding for any purpose, including cross examination of any witness;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from

seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section

1835 as to particular items of discovery.

IT IS FURTHER ORDERED that nothing in this Order shall preclude the defendants from

moving to dissolve the Protective Order in its entirety, as to any category of documents, or as to any

particular document;

IT IS FURTHER ORDERED that upon conclusion of the trial and any appeals of this case

or upon the earlier resolution of charges against the defendant, all such discovery materials and all copies made thereof shall be returned to the United States or destroyed, unless otherwise ordered by the Court. All copies withheld by the defense must be done through an express order of this Court and shall be preserved only so long as is necessary for further proceedings related to this case, after which they shall be returned to the United States or destroyed. The Court shall require a certification as to the disposition of any such discovery materials; and

IT IS FURTHER ORDERED that this Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, which may amend the Protective order as it sees fit.

Entered this /s/ day of July, 2008

HON. RUBEN CASTILLO
U.S. District Court