AO 245B    (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 08 CR 192-1 |
| Hanjuan Jin | ) | USM Number: 41679-424 |
| | ) | Daniel P. McLauglin, Beth Westman Gaus and John F. Murphy |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

✔ was found guilty on count(s)    One, Two and Three of the Superseding Indictment
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1832(a)(3) | Possession of a Stolen Trade Secret | 2/28/2007 | One, Two, Three |

      The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

✔ The defendant has been found not guilty on count(s)    Four, Five and Six of the Superseding Indictment

☐ Count(s) _____ ☐ is    ☐ are    dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/29/2012
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Ruben Castillo    -    U.S. District Judge
Name and Title of Judge

8/30/2012
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: Hanjuan Jin | Judgment — Page 2 of 6 |
| CASE NUMBER: 08 CR 192-1 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

48 months on Counts One, Two, and Three, all such terms to run concurrently.

✔ The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant be placed at a medical facility in the midwest.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

✔ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ✔ before 2 p.m. on   10/25/2012  .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **3** of **6**

DEFENDANT: Hanjuan Jin
CASE NUMBER: 08 CR 192-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
One year on Count One, One year on Count Two, One year on Count Three, all terms to run consecutively for a total term of Three years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✔    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

✔    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Hanjuan Jin
CASE NUMBER: 08 CR 192-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, conducted by the U.S. Probation Office, not to exceed 104 tests per year.

The defendant shall pay no less than ten percent of the defendant's net monthly income toward any outstanding fine balance.

DEFENDANT: Hanjuan Jin
CASE NUMBER: 08 CR 192-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 20,000 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the ☐ fine ☐ restitution.

　　☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Hanjuan Jin
CASE NUMBER: 08 CR 192-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ✔ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay the $100 special assessment immediately.
The defendant shall pay the $20,000 fine immediately. Any unpaid balance shall be made in monthly payments of at least ten percent of the defendant's net monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✔ The defendant shall forfeit the defendant's interest in the following property to the United States:
(See the attached Final Order of Forfeiture signed by Judge Ruben Castillo on 8/30/2012).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 08 CR 192 |
| V. | ) | Judge Ruben Castillo |
| | ) | |
| HANJUAN JIN | ) | |

### FINAL ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 1834 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On April 1, 2008, an indictment was returned charging defendant HANJUAN JIN with theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(3) (Counts 1-3). On December 9, 2008, a superseding indictment was returned charging Counts 1-3, and charging HANJUAN JIN with three additional counts of theft of trade secrets for the benefit of the People's Republic of China, in violation of 18 U.S.C. § 1831 (Counts 4-6);

(b) The superseding indictment sought forfeiture to the United States of the following property pursuant to the provisions of 18 U.S.C. § 1834:

1. IBM Thinkpad, Computer Laptop, Model: 2686 1P41V9706, Serial Number: 1S2686M5UL3AA2YT;

2. IOGEAR Ion Drive, External Data Storage Device (RAID/etc), USB Hard drive enclosure, Serial Number OU-69USE102014, Model Number GHD225U80;

3. Western Digital, Hard Drive: 2.5" HD, Model Number WD800UE-00HCT0, Serial Number WXE406692615;

    4.    IBM, Hard Drive 2.5" HD, Model Travelstar 07N4055F419400P9B, Serial Number: RRRJ6840;

    5.    Hitachi, Hard Drive 2.5" HD, Model: HTTS541060G9AT00, Serial Number: 11S39T2514Z1ZAVH00RPNE;

    6.    Memorex, TravelDrive, Flash Memory (SD/Compact Flash/etc.), Thumb Drive;

    7.    1 Imation, CD-R, 700MB, 80 min, marked "BK#1"; and

    8.    1 Imation, CD-R, 700MB, 80 min, marked "BK#2.

(c)    On November 7, 2011, a five-day bench trial was held before this Court;

(d)    On February 8, 2012, the Court entered a verdict of guilty against defendant HANJUAN JIN on Counts 1-3 , thereby making certain property named in the superseding indictment subject to forfeiture pursuant to the provisions 18 U.S.C. § 1834, which states:

> (a)    The court, in imposing sentence on a person for a violation of this chapter, shall order, in addition to any other sentence imposed, that the person forfeit to the United States -
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and (2) any of the person's property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such violation, if the court in its discretion so determines, taking into consideration the nature, scope, and proportionality of the use of the property in the offense.

(e)    On February 21, 2012, this Court entered a preliminary order of forfeiture forfeiting any interest defendant HANJUAN JIN had in the foregoing property and directing the Federal Bureau of Investigation to seize and take custody of the property. Further, the United States was ordered to publish notice of the government's intention to forfeit the foregoing property and to dispose of the property according to law;

(f)    Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §

1834(b), beginning on February 24, 2012 and continuing for at least 30 consecutive days, notice of the criminal forfeiture was posted on an official government internet site;

(g) To date, no petitions have been filed requesting a hearing to adjudicate any interest in the property, and the time in which to do so, has expired.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 1834 and Fed. R. Crim P. 32.2, all right, title, and interest of defendant HANJUAN JIN and any third party in the foregoing property is hereby forfeit to the United States of America for disposition according to law;

2. That, pursuant to the provisions of 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 1834(b), the United States has clear title to the foregoing property and shall dispose of the property according to law;

3. This Court shall retain jurisdiction over this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

RUBEN CASTILLO
United States District Judge

DATED: 8/30/12